UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KHERIE FREEMAN,

Plaintiff,

-against-

WESTCHESTER COUNTY; WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES; LEONARD TOWNES, Commissioner; LESIA SUAREZ; KARIN HARGREAVES; VEDETTE ROYE, Assistant Personnel Director; VALERIE RAYNOR; DELSERY GROSSO; NANCY SIGLER; MARSHA BROWN-MITCHELL; and YOLENNY ANDERSON, Supervisor of Casework,

Defendants.

26 Civ. 3652 (JGLC) (AEK)

**DECISION AND ORDER**

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

On May 1, 2026, Plaintiff, appearing *pro se*, initiated this action against Defendant Westchester County Department of Social Services ("DSS"). ECF No. 1. On September 1, 2026, this case was referred to the undersigned for general pretrial supervision. ECF No. 17. Since that date, Plaintiff has attempted to amend her complaint several times and filed several letters on the docket. As of the date of this Decision and Order, the only defendant that may have been served is DSS, *see* ECF No. 15 (affidavit of service of original complaint on DSS), though counsel for DSS has asserted that "service upon DSS was improper," ECF No. 19.

The Court will address each of Plaintiff's requests in turn.

## I. Motion for Judicial Notice of Misrepresentation and Clarification of Service Obligations

On September 24, 2026, Plaintiff filed a motion requesting that

> the Court take judicial notice, pursuant to Fed. R. Evid. 201, of (1) a material misrepresentation made by the County Defendant in its September 10, 2026 correspondence to the Court regarding Plaintiff's consent to an extension of time, and (2) the procedural fact that service on the Westchester County Attorney constitutes service on the County and its officials in their official capacity under Fed. R. Civ. P. 4(j)(2).

ECF No. 23 at 3.

On November 12, 2026, Plaintiff filed a motion that is substantively identical to the September 24, 2026 motion. ECF No. 36.

First, with respect to DSS's original request for an extension of time to answer the original complaint, it does appear as though Plaintiff emailed an Assistant County Attorney on August 31, 2026 to indicate that she was willing to consent to an extension of time for DSS to respond to the complaint. *See* ECF No. 23 at 7-8. The Court notes, however, that it was a different Assistant County Attorney who filed the extension request on September 10, 2026. *See* ECF No. 19. Regardless, the Court need not take "judicial notice" of any of these points—the Court granted DSS's request for an extension of its deadline to respond to the complaint, *see* ECF No. 21, and has since granted another extension to respond to the current operative complaint, *see* ECF No. 41.

Second, the Court cannot take judicial notice of Plaintiff's legal argument regarding the sufficiency of service of process on the individual defendants. And in any event, because the current operative complaint names additional individual defendants, there are still numerous questions outstanding regarding the sufficiency of service in this case. Among other things, the current operative complaint includes claims pursuant to 42 U.S.C. § 1983; the Court notes that such claims are often asserted against individual defendants in their individual, rather than their

official, capacities. The Court cannot advise Plaintiff regarding as to how she must serve individual defendants. The Court refers Plaintiff to the guide to "Service of Process in Cases Where the Fees Have Been Paid," which was included in the information package that was previously mailed to her. *See* ECF No. 14 at 13-19. Plaintiff may also consult the online resources provided by the Court for *pro se* litigants. *See* https://nysd.uscourts.gov/prose. Plaintiff also reported in a different submission that she has already met with the City Bar Justice Center's Federal Pro Se Legal Assistance Project. *See* ECF No. 32. The City Bar Justice Center staff may also be able to provide further guidance regarding service of process.

Accordingly, Plaintiff's requests at ECF No. 23 and ECF No. 36 are DENIED.

## II. Request for Reconsideration of IFP Status

On May 1, 2026, Plaintiff filed a request to proceed *in forma pauperis* ("IFP"). ECF No. 3. The Court noted certain deficiencies in the filing and ordered Plaintiff to either pay the filing fee or file an amended IFP application. ECF No. 7. Plaintiff subsequently filed an amended IFP application, which the Court denied. ECF Nos. 8, 9. On July 9, 2026, Plaintiff paid the filing fee to commence this action, and the Clerk of Court issued a summons for DSS. ECF No. 13.

On October 27, 2026, Plaintiff filed a document entitled "Financial Statement in Support of Application for Reconsideration of *In Forma Pauperi*s Status," ECF No. 26, and she provided additional context in her October 28, 2026 letter to the Honorable Jessica G.L. Clarke, ECF No. 30. But despite Plaintiff's change in financial circumstances, once the filing fee has been paid, the Court is unable to refund the fee. *Recant v. Day*, No. 24-cv-4117 (JHR) (RFT), 2026 WL 3026086, at *1 (S.D.N.Y. Sept. 1, 2026), *adopted by*, 2026 WL 2957825 (S.D.N.Y. Sept. 30,

2026) ("once the filing fee is paid, this Court does not return the fee, even if a plaintiff were to make a subsequent showing that she would qualify for IFP status")..[1]

Accordingly, Plaintiff's request for reconsideration of her IFP status (ECF No. 26) is DENIED.

### III. Amended Complaints

As of the date of this Decision and Order, it appears that Plaintiff has filed four proposed amended complaints. *See* ECF Nos. 22 (17 pages, received Sept. 24, 2026); 27 (19 pages, received Oct. 27, 2026); 29 (22 pages, received Oct. 28, 2026); 35 (one-page letter, plus 24-page pleading, received Nov. 2, 2026); and 40 (duplicate of the 24-page pleading at ECF No. 35). She also has filed several associated letters. *See* ECF No. 28, 32, 35 (first page only), 39 (duplicate of the one-page letter at ECF No. 35). The Court will briefly describe each amendment.

(1) On September 14, 2026, in response to a letter from counsel for DSS pointing out that the amended complaint dated August 21, 2026 and filed on the docket at ECF No. 16 was incomplete, the Court ordered Plaintiff to file a complete amended complaint on the docket. ECF No. 21. Plaintiff filed a complete version of the amended complaint dated August 21, 2026. ECF No. 22 (17 pages, received Sept. 24, 2026).

(2) On October 27, 2026, Plaintiff filed a "proposed Amended Complaint." ECF No. 27 (19 pages, received Oct. 27, 2026), and a letter requesting permission from the Court to file the "proposed Amended Complaint," ECF No. 32. The letter explained that the "proposed

---

[1] In accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009), and Local Civil Rule 7.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, copies of this case and other cases that are unpublished or only available by electronic database are being mailed to the *pro se* Plaintiff.

Amended Complaint" added six new defendants and supplemented the allegations in the prior amended complaint at ECF No. 22. *See id.*

(3) The next day, October 28, 2026, Plaintiff filed another version of the complaint. ECF No. 29 (22 pages, received Oct. 28, 2026). In her letter filed that same day, Plaintiff explained that that the version of the complaint at ECF No. 27 "inadvertently omitted factual allegations . . . including allegations concerning the conduct of individual defendants that the pleading is meant to give notice of." ECF No. 28. Plaintiff requested the Court's permission "to substitute the enclosed proposed amended complaint for the proposed amended complaint filed on October 27, 2026." *Id.*

(4) On November 2, 2026, Plaintiff filed yet another version of the complaint, along with a request for "the Court's permission to substitute the enclosed further corrected proposed amended complaint for the corrected proposed amended complaint at ECF 29." ECF No. 35 (one-page letter, plus 24-page pleading, received Nov. 2, 2026), *duplicate docketed at* ECF Nos. 39 (one-page letter), 40 (24-page pleading). Plaintiff explained in her letter that day that the enclosed pleading "makes two changes": (1) it removes the names of two nonparty individuals related to the allegations concerning Defendant Anderson; and (2) it "carries forward the Title VII counts," which had been omitted from the version of the complaint at ECF No. 29. *See* ECF No. 35 (and No. 39) at 1.

Under Rule 15 of the Federal Rules of Civil Procedure, a plaintiff may amend a complaint "***once*** as a matter of course no later than (A) 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A) (emphasis added). To the extent Plaintiff served the pleading at ECF No. 16 on DSS on or about August 21, 2026, *see* ECF No. 15, all of the proposed amendments referenced above were filed after this 21-day deadline. Nevertheless, in light of Plaintiff's *pro se* status, the Court

will consider the October 27, 2026 version of the amended complaint (ECF No. 27) to be Plaintiff's one amendment "as a matter of course." **Accordingly, Plaintiff is only permitted to amend the complaint going forward with the written consent of all opposing parties, or with leave of the Court.** *See* Fed. R. Civ. P. 15(a)(2).

The Court construes Plaintiff's subsequent letters and proposed amended complaints as motions for leave to amend the complaint. Plaintiff's motion is GRANTED with respect to the November 2, 2026 version of the amended complaint (ECF No. 40). **Accordingly, the operative pleading in this action is the amended complaint at ECF No. 40. At this point, Plaintiff may not seek to further amend the complaint before she serves the current operative complaint on all of the named defendants, unless there is a compelling reason for the proposed amendment.** The only way for the case to move forward is if Plaintiff properly serves the amended complaint; only then can the Defendants respond, and the parties can then move forward to address the merits of Plaintiff's claims. If Plaintiff seeks to amend the complaint further, Plaintiff must submit a letter to the Court explaining in detail the compelling reasons why she believes further amendments are required. Plaintiff must then wait for the Court to rule on the application before filing any further proposed amendments. Any further amendments filed without leave of the Court will be stricken from the docket. To be clear: the best way for this case to proceed is for Plaintiff to focus her efforts on serving the current operative pleading (ECF No. 40) rather than seeking to amend the complaint again.

* * * * * * * * * *

The operative pleading at ECF No. 40 names a total of 11 defendants. Summonses have been issued for five of those defendants at different points. *See* ECF Nos. 13 (summons for

DSS); 34 (summons for Lesia Suarez); Minute Entries dated Nov. 2, 2026 (summonses for Westchester County, Karin Hargreaves, and Leonard Townes).

The Clerk of Court is respectfully directed to issue summonses for each of the defendants named in the operative complaint at ECF No. 40 for whom summonses have not yet been issued, specifically: Vedette Roye, Assistant Personnel Director; Valerie Raynor; Delsery Grosso; Nancy Sigler; Marsha Brown-Mitchell; and Yolenny Anderson, Supervisor of Casework.

Plaintiff is responsible for separately serving the appropriate summons and amended complaint on each of these defendants within 90 days of the issuance of each summons.[2]

Counsel for DSS is hereby directed to submit a letter to the Court on or before December 1, 2026, to notify the Court whether, as of that date, the Westchester County Attorney's Office has been authorized to represent any of the defendants other than DSS. If the Westchester County Attorney's Office has been authorized to represent any (or all) of the other defendants, the December 1, 2026 letter must also state whether counsel is authorized to accept service on behalf of those defendants.

Plaintiff is hereby directed to submit a letter to the Court by January 8, 2027 to update the Court as to the status of service of process.

## IV. Motion for Appointment of Counsel

On May 1, 2026, Plaintiff filed a motion for appointment of counsel, ECF No. 5, and she renewed that request via letter on September 24, 2026, ECF No. 23. For the following reasons, Plaintiff's application is DENIED WITHOUT PREJUDICE.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the operative complaint is filed, the summonses in this case were not issued when Plaintiff filed the operative amended complaint at ECF No. 40. The Court therefore extends the time to serve until 90 days after the date the summonses are issued.

### A. Legal Standard

The IFP statute provides that the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).[3] Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *See Hodge*, 802 F.2d at 60. Instead, courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. *Hodge,* 802 F.2d at 61-62. The litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed IFP. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the

---

[3] Plaintiff requests appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1). ECF No. 5 at 2. In the operative complaint at ECF No. 40, Plaintiff does assert claims under Title VII of the Civil Rights Act of 1964. ECF No. 40 at 1. The Court notes that the Second Circuit Court of Appeals has applied the criteria set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), to determine whether to grant a motion to appoint counsel in a Title VII action. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003) (applying *Hodge* factors to an application pursuant to 42 U.S.C. § 2000e-5(f)(1)). The Court will accordingly consider Plaintiff's request pursuant to 28 U.S.C. § 1915(e)(1).

> legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

**B. Discussion**

Before the Court is even required to reach the *Hodge* factors, "it must first ascertain whether the litigant is able to afford or otherwise obtain counsel." *Terminate Control Corp.*, 28 F.3d at 1341. As noted above, on July 9, 2026, Plaintiff already paid the filing fee to commence this action. ECF No. 13. Nevertheless, Plaintiff's financial statement in support of her application for reconsideration of IFP status, ECF No. 26, and the subsequent letter to Judge Clarke, ECF No. 30, are sufficient to demonstrate that she qualifies as indigent for purposes of her request for pro bono counsel.

The Court next considers the second threshold *Hodge* requirement—whether Plaintiff's claim "seems likely to be of substance." *Hodge*, 802 F.2d at 61. The Court cannot conclude at this early stage whether Plaintiff has satisfied this threshold *Hodge* requirement. In the operative complaint, Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983, alleging that "Defendants engaged in escalating misconduct, including workplace hostility, denial of union representation, obstruction of Plaintiff's [Interstate Compact on the Placement of Children] work, issuance of embellished and distorted performance writeups, retaliatory demotion, manipulation of civil service promotional lists, coercion, reputational sabotage, and ongoing retaliation," and that Defendants "took adverse actions affecting

Plaintiff's family, including the closure of Plaintiff's foster home and actions contributing to the adoption of Plaintiff's niece [] and nephew [], causing Plaintiff severe and irreparable emotional harm."[4] ECF No. 40 at 1.

In her motion, Plaintiff argues that her claims have merit because she filed a timely charge with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging retaliation, national origin discrimination, and a hostile work environment, and the "EEOC issued a Right-to-Sue Notice in February 2026, confirming that the claims were administratively exhausted." ECF No. 5 at 1. But the fact that Plaintiff received an EEOC right-to-sue letter—a necessary prerequisite to bringing suit under Title VII in federal court, *see Sughrim v. New York*, 503 F. Supp. 3d 68, 95 (S.D.N.Y. 2020)—does not, standing alone, demonstrate that her Title VII or Section 1983 claims are "likely to be of substance." Moreover, Defendant DSS has not even responded to the operative pleading yet, and at least some of the other defendants have yet to be served. In sum, the Court cannot conclude at this time that Plaintiff's claims are sufficiently meritorious to "warrant[] allocation of the scarce resource of volunteer-lawyer time," and accordingly the application for appointment of counsel must be denied. *Ferrelli*, 323 F.3d at 205-06; *see Galberth v. Durkin*, No. 14-cv-115 (LEK) (ATB), 2014 WL 12993671, at *3 (N.D.N.Y. Apr. 23, 2014) (denying motion for appointment of counsel where action was recently commenced and defendants had not yet responded to the complaint).[5]

[4] To preserve their privacy, the names of Plaintiff's presumably minor niece and nephew are omitted here.

[5] Because Plaintiff has not met the threshold requirements for appointment of counsel, the Court need not consider the other *Hodge* factors at this time. *See Cooper*, 877 F.2d at 172.

**CONCLUSION**

As set forth above:

(1) Plaintiff's requests at ECF No. 23 and 36 are DENIED. The Clerk of Court is directed to terminate the gavel at ECF No. 36.

(2) Plaintiff's motion for appointment of counsel (ECF No. 5) is DENIED WITHOUT PREJUDICE. Plaintiff may resubmit this application at an appropriate juncture later in the litigation. The Clerk of Court is directed to terminate the gavel at ECF No. 5.

(3) The Clerk of Court is directed to issue summonses for the following defendants: Vedette Roye, Assistant Personnel Director; Valerie Raynor; Delsery Grosso; Nancy Sigler; Marsha Brown-Mitchell; and Yolenny Anderson, Supervisor of Casework.

(4) Counsel for DSS must submit a letter to the Court on or before December 1, 2026, to notify the Court whether, as of that date, the Westchester County Attorney's Office has been authorized to represent any of the defendants other than DSS. If the Westchester County Attorney's Office has been authorized to represent any (or all) of the other defendants, the letter must also state whether counsel is authorized to accept service on behalf of those defendants.

(5) Plaintiff must submit a letter to the Court on or before January 8, 2027 to update the Court as to the status of service of process.

Dated: November 17, 2026
White Plains, New York

**SO ORDERED.**

Andrew Krause

ANDREW E. KRAUSE
United States Magistrate Judge